UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JASON L. RICKS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WEST ADA SCHOOL DISTRICT, et al.,<br><br>　　　　Defendants. | Case No. 1:17-cv-00453-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court in the above entitled matter are the Plaintiff Jason L. Ricks' Application to Proceed *In Forma Pauperis* and Complaint. The Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter is decided on the record.

## ANALYSIS

**1.　In Forma Pauperis Standard of Review**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $400.00. 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay

the entire fee only if the plaintiff is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 2009); 28 U.S.C. § 1915(a)(1) ("any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, ... without prepayment of fees or security therefor.").

In order to qualify for IFP status under § 1915, the plaintiff must submit an Application and Affidavit showing he or she lacks sufficient funds to pay the filing fee and that the suit is not frivolous or malicious. *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). An affidavit is sufficient where it states that the plaintiff "cannot because of his [or her] poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). A plaintiff need not demonstrate they are absolutely destitute in order to meet the requirements of the statute. *Escobedo*, 787 F.3d at 1234; *see also Adkins*, 335 U.S. at 339 (Litigants are not required to contribute their "last dollar" or "make themselves and their dependents wholly destitute."). Nonetheless, the affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981); *see also Escobedo*, *supra*. Motions to proceed *in forma pauperis* under § 1915 are left to the sound discretion of the trial court and are granted only in exceptional circumstances where the movant has made the requisite showing. *Id.*

**2.     Discussion**

Mr. Ricks' IFP Application includes an affirmation stating he is unable to pay the costs of these proceedings. (Dkt. 1.) The Application sets forth Mr. Ricks' expected monthly income ($2,459.00), expenses ($2,182.00), and assets (home ($120,000), bank accounts ($2,000.00), and a vehicle). Mr. Ricks has three minor children for whom he pays $544.00 in child support each month. Having considered the Application and supporting materials filed in this matter, the Court finds that Mr. Ricks does not qualify for IFP status in this case.

In determining what level of income constitutes poverty for purposes of 28 U.S.C. § 1915(a)(1), the Court considered the poverty guidelines set by the United States Department of Health and Human Services as one measure. *See* 83 Fed. Reg. 2642, 2643 (Jan. 18, 2018).[1] Those guidelines set the 2018 poverty level for a single household at $12,140 annually and for a household of four at $25,100 annually.[2] Mr. Ricks' annual income as reflected on the IFP Application is approximately $29,508.00 which places Mr. Ricks above the guidelines' poverty level. The Court has also considered Mr. Ricks' monthly expenses as reflected on the Application. (Dkt. 1.) Having done so, the Court finds the balance of Mr. Ricks' expected monthly income, expenses, and assets put him above the poverty requirement needed to qualify for IFP status. Mr. Ricks is employed, owns a

---

[1] The 2018 Poverty Guidelines are available from the U.S. Department of Health and Human Services at http://aspe.hhs.gov/poverty-guidelines.

[2] The Application does not indicate whether and to what extent Mr. Ricks' three children reside in his household. Therefore, the Court looked at the guidelines for both a single household and a household of four. The outcome is the same under either scenario as Mr. Ricks' income is above the guidelines poverty level for both.

home, a vehicle, and has a modest amount of money in his bank accounts. Taking all of these considerations into account, Court finds Mr. Ricks does not qualify for IFP status because he is able to pay the filing fee in this case.

For these reasons, the IFP Application is denied. Mr. Ricks is directed to pay the initial filing fee of $400.00 on or before September 14, 2018. The Court expressly notifies Mr. Ricks that failure to timely pay the filing fee as directed herein may result in dismissal of this case without further notice. *See* Fed. R. Civ. P. 41(b).

### ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Application for Leave to Proceed in forma Pauperis (Dkt. 1) is **DENIED**. Plaintiff is **ORDERED TO PAY** the statutory filing fee of **$400.00** for this action on or before **September 14, 2018**. Failure to pay the filing fee may result in dismissal of this case without further notice.

DATED: August 15, 2018

Honorable Edward J. Lodge
U.S. District Judge